No. 28,596.

GEORGE RICHEY, *Appellant,* v. SCHOOL DISTRICT No. 52 IN CHEYENNE COUNTY, *Appellee.*

(275 Pac. 1076.)

Opinion filed April 6, 1929.

*Leigh D. Dowling,* of St. Francis, for the appellant.

No appearance was made for the appellee.

The opinion of the court was delivered by

DAWSON, J.: Plaintiff sued defendant for the statutory minimum allowance of 15 cents per day for conveying his three minor children a distance in excess of three miles to school. He was defeated and appeals.

The facts were these: Plaintiff is a resident householder of the defendant school district No. 52. He has three children of school age. His home is 3.15 miles from the schoolhouse. He also owns land in an adjacent district, No. 34, the schoolhouse of which is 3.19 miles from his home—some 490 feet farther away than the schoolhouse in his home district. For reasons that were satisfactory to himself, plaintiff sent his children to school in district No. 34. The school board of district No. 52 refused to pay for their transportation. Hence this lawsuit with the result noted above.

The legal question is simple and governed by statute. By R. S. 72-601 it is provided that the district board *may* provide for the comfortable transportation of pupils living more than two miles from school and *shall* provide for the transportation of pupils "who live three or more miles, by the usually traveled road, from the school attended," or in lieu of providing such transportation—

". . . Said board shall allow, as compensation for the conveyance of pupils to and from the school, to the parent or guardian of any pupils living three or more miles from the school attended, a sum not less than fifteen cents per day. . . ."

By another statute, R. S. 72-702, it is provided:

". . . That the children of any property owner owning land in any adjoining school district, other than in towns and incorporated cities, may have the privilege of attending school in such adjoining district without extra expense and tuition, when such school is more convenient by reason of distance from the school of the district in which they live."

It will thus be seen that if plaintiff had conveyed his children to school in his home district the defendant district would have been absolutely bound to compensate him, since there is no intimation that the district itself had made provisions for their transportation. Is plaintiff's demand for compensation invalid because the schoolhouse in district No. 34 was 490 feet farther from his home than the one in his home district?

The only statutory authority conferring on a parent the right at his own discretion and without extra charge or expense to send his children to school in a district adjacent to that of his residence is R. S. 72-702 quoted above, and it will be noted that such right is dependent upon three conditions—it must be an adjacent rural and not a town district, the parent must be a property owner in such adjacent district, and it must be more convenient *by reason of distance* for his children to attend such school rather than the one in the parent's home district. The relative convenience is to be determined by the mere matter of distance—not that of superior roads, or of school facilities, or the personality of the teacher, or the relative scholastic or social advantages offered by school district No. 34, nor for any other reason which might prompt the parent to select such adjacent school for his children to attend rather than the one at home. Here plaintiff did not send his children to school district No. 34 as a matter of unqualified statutory right. He therefore had no lawful demand on his home district for their conveyance, and the judgment of the district court was correct.

The judgment is affirmed.